J-S72012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALEX SERRANO | |
| Appellant | No. 697 MDA 2016 |

Appeal from the PCRA Order March 24, 2016
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000063-2014

BEFORE:  GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED OCTOBER 25, 2016**

Appellant, Alex Serrano, appeals from the order entered in the Union County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows. On March 17, 2015, Appellant entered a no-contest plea to one count of possession with intent to distribute ("PWID"), dealing in proceeds of unlawful activity, criminal conspiracy, and two counts of corrupt organizations.[1] The trial court sentenced Appellant to four (4) to fifteen (15) years'

_____

[1] 35 P.S. § 780-113; 18 Pa.C.S.A. §§ 5111(a)(1), 903, 911(b)(3), and 911(b)(4), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

incarceration, in accordance with the negotiated plea. Appellant did not pursue direct appellate review.

On May 13, 2015, Appellant filed a *pro se* motion to "modify and correct illegal sentence *nunc pro tunc*." The court denied Appellant's motion in an order issued on May 28, 2015. Appellant filed an identical motion on June 24, 2015, which the court again denied on June 26, 2015. Appellant then timely filed a *pro se* PCRA petition on September 2, 2015. In it, Appellant claimed the court improperly obstructed Appellant's right of appeal by failing to provide notice when it denied his previous motions. The PCRA court appointed counsel, who filed an amended PCRA petition on December 31, 2015. Appellant's amended PCRA petition argued his plea was not knowing, intelligent, and voluntary because the court failed to advise him of potential fines he faced. On March 24, 2016, the court conducted a hearing. The court denied Appellant PCRA relief at the conclusion of the hearing.

Appellant timely filed a notice of appeal on Monday, April 25, 2016. On April 29, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely complied.

Appellant raises a single issue for our review:

> DID THE TRIAL COURT ERR IN NOT PROVIDING A FULL HEARING ON A PCRA PETITION WHEN APPELLANT PRESENTED AN ISSUE OF MERIT?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012).

On appeal, Appellant argues the sentencing court denied Appellant his constitutional rights when it failed to advise him of potential financial penalties he faced in his no-contest plea. Appellant contends the written plea colloquy form stated the maximum fine possible for each charge was $25,000.00. Appellant avers the maximum fine possible for the charges of PWID and criminal conspiracy was actually $250,000.00 each. Appellant indicates the court initially stated the potential fine for each charge correctly.

Later in the plea hearing, the court misstated the fines as $25,000.00 per offense. Appellant insists the court's mistake rendered Appellant's plea invalid. Appellant concludes he is entitled to a full evidentiary hearing on his issue. We disagree.

As a preliminary matter, "to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. [As a general rule, a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). Additionally,

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.
>
> In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. While *Lord* and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that *Lord* should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal.

*Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa.Super. 2001). Failure to include an issue in a Rule 1925(b) statement generally waives that issue for purposes of appellate review. *Commonwealth v. Pantalion*, 957

A.2d 1267, 1270 n.6 (Pa.Super. 2008).

To be eligible for relief under the PCRA, the petitioner must plead and prove his conviction resulted from one or more of the grounds set forth in 42 Pa.C.S.A. § 9543(a)(2)(i-viii). *Commonwealth v. Zook*, 585 Pa. 11, 887 A.2d 1218 (2005). "Generally, an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal." *Commonwealth v. Price*, 876 A.2d 988, 995 (Pa.Super. 2005), *appeal denied*, 587 Pa. 706, 897 A.2d 1184 (2006), *cert. denied*, 549 U.S. 902, 127 S.Ct. 224, 166 L.Ed.2d 179 (2006); *Commonwealth v. Bell*, 706 A.2d 855 (Pa.Super. 1998), *appeal denied*, 557 Pa. 624, 732 A.2d 611 (1998). Further, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state [post-conviction] proceeding." 42 Pa.C.S.A. § 9544.

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Commonwealth v. Lincoln*, 72 A.3d 606 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014).

> The failure to advise a defendant of the possible maximum sentence will not necessarily justify the withdrawal of an otherwise voluntary guilty plea. To amount to manifest injustice justifying withdrawal of the plea, the mistake must be so great as to have a material effect on the defendant's decision to plead guilty.

***Commonwealth v. Barbosa***, 819 A.2d 81, 85 (Pa.Super. 2003) (stating how "in some circumstances, misinformation about the possible maximum sentence will invalidate a negotiated plea, thereby permitting a defendant to withdraw the plea even after sentencing"; citing ***Commonwealth v. Hodges***, 789 A.2d 764 (Pa.Super. 2002), for example, which held that manifest injustice occurred when plea was entered to avoid death penalty, which did not apply).  "[I]f a defendant enters an open guilty plea and justifiably believes that the maximum sentence is less than what he could receive by law, he may not be permitted to withdraw the plea unless he receives a sentence greater than what he was told." ***Commonwealth v. Warren***, 84 A.3d 1092, 1096 (Pa.Super. 2014) (quoting ***Barbosa, supra*** at 82).

Instantly, Appellant's Rule 1925(b) statement asserts, "[Appellant] respectfully avers that the trial court erred in not permitting him a full hearing [on] his PCRA petition when he presented an issue of merit." (Concise Statement of Matters Complained of on Appeal, 5/24/16, at 1).  As presented, Appellant's "issue of merit" is unidentifiable.  Appellant's Rule 1925(b) statement failed to raise his current contention that his plea was invalid because the trial court did not properly inform him of the possible fines he faced.  Appellant's statement does not comply with the Rules of Appellate procedure; therefore, his issue is arguably waived. ***See Castillo, supra***.

Additionally, Appellant attempted to raise his claim during PCRA review as if on direct appeal. The PCRA court did schedule an evidentiary hearing on Appellant's claim, at which time Appellant had the opportunity to present his claim. At the hearing, however, Appellant's PCRA counsel conceded Appellant should have raised, on direct appeal, his contention that his plea was not knowing, intelligent, or voluntary. Mid-hearing, Appellant's counsel then tried to reframe Appellant's issue as an ineffective assistance of plea counsel claim. The court flatly rejected Appellant's belated effort to re-characterize his claim as one of ineffective assistance of plea counsel, when no ineffectiveness claim had been raised in Appellant's petition or contemplated at the hearing. The PCRA court agreed with the Commonwealth that Appellant's ineffectiveness of counsel claim was waived.

Likewise, Appellant makes no claim that he would not have pled *nolo contendere*, but for the court's misstatement. Here, the court imposed a total fine of $5,000.00. Given the fine actually imposed, Appellant cannot claim the court's inadvertent misstatement regarding the potential fines had any impact on the plea process. ***See Warren, supra***; ***Barbosa, supra***. Based upon the foregoing, Appellant is not entitled to a remand for another evidentiary hearing. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/25/2016